Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* LOUIS FLOYD
and the alleged Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **LOUIS FLOYD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SARATOGA DIAGNOSTICS, INC.,** a California corporation, and **THOMAS PALLONE,** an individual,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

Plaintiff Louis Floyd ("Floyd" or "Plaintiff") brings this Class Action Complaint against Defendants Saratoga Diagnostics, Inc. ("Saratoga") and Thomas Pallone ("Pallone") (collectively, "Defendants") to stop Defendants' practice of sending unsolicited fax advertisements and to obtain redress for all persons injured by their conduct. Plaintiff Floyd, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## II. PARTIES

1. Plaintiff Floyd is an individual and a resident of Campbell, Santa Clara County, California.

2. Defendant Saratoga is a California corporation. Its principal office address is 12619 Paseo Olivos, Saratoga, California 95070. Saratoga does business throughout the United States, including in the State of California and in this District.

3. Defendant Tom Pallone is a natural person residing in Saratoga, Santa Clara County, California.

## III. JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), a federal statute, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"). This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

5. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants regularly conduct business in this District, reside in this District, multiple faxes were directed to Persons in this District, the Faxes at issue were received in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

## IV. COMMON ALLEGATIONS OF FACT

6. This case challenges Defendants' practice of sending unsolicited fax advertisements.

7. The JFPA and the regulations promulgated under the Act prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express

consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation.

8. Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA. (*See* "Fax," a true and correct copy of which is attached hereto as Exhibit A.)

9. The Fax promotes the services and goods of the Defendants, namely Defendants' CME seminars.

10. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

11. Unsolicited faxes cause damage to their recipients, who suffer concrete harm. Among other things, a junk fax recipient loses the use of his fax machine, paper, and ink toner.

12. An unsolicited fax wastes the recipient's time that would have been spent on something else.

13. A junk fax also invades the recipient's privacy.

14. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

15. On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the JFPA.

16. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory for everyone, namely liability under the JFPA.

17. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief

enjoining Defendants, and their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, (iii) to have such damages trebled, as provided by § 227(b)(3) of the Act, (iv) pre- and post-judgment interest, and (v) an award of attorneys fees to be paid out of a common fund established for the benefit of the class members.

## V. FACTS SPECIFIC TO PLAINTIFF FLOYD

18. Defendants transmitted a facsimile advertisement to Plaintiff on March 12, 2019 at 1:21 p.m. A copy of the facsimiles is attached hereto as Exhibit A.

19. Defendants profited by, and received the benefits of, the marketing of their services by facsimile and they are responsible parties under the JFPA.

20. Defendants created or made Exhibit A, which Defendants knew or should have known advertises Defendants' goods or services, specifically its continuing medical education seminars, and which Defendants intended to and did in fact distribute to Plaintiff and the other members of the Class.

21. Exhibit A is part of Defendants' work or operations to market Defendants' services, namely its CME seminars.

22. Exhibit A constitutes material furnished in connection with Defendants' work or operations.

23. Plaintiff has never invited nor given permission to Defendants to send the Faxes and had no prior relationship with Defendants.

24. On information and belief, Defendants faxed the same unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

25. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.

26. Fax machines are left on and ready to receive the communications their owners desire to receive.

27. Defendant Pallone is the president of Defendant Saratoga.

28. Pallone has personal oversight and hands-on control over the day-to-day operations of Saratoga, including its sending of unsolicited Faxes.

29. On information and belief, Pallone has control and oversight of the drafting and implementation of Saratoga's faxing policies and procedures, including all policies and procedures that relate to the JFPA.

30. Pallone failed to implement policies and procedures to prevent the unlawful transmission of promotional faxes to individuals who did not consent to receiving them.

31. On information and belief, Pallone oversaw and controlled the drafting and sending of the Faxes at issue. Further, on information and belief, Pallone was directly and personally involved in the transmission of the faxes to Plaintiff and the Class.

## VI. CLASS ACTION ALLEGATIONS

32. In accordance with Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendants or on Defendants' behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom Defendants claim they obtained prior express permission or invitation to send those faxes in the same manner as Defendants claim they obtained prior express permission or invitation to fax the Plaintiff, and (5) for whom Defendants had no prior business relationship.

33. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons;

and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

34. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

35. Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable.

36. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands.

37. Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a. Whether the Defendants sent an unsolicited fax advertisements;

b. Whether the Defendants' fax advertised the commercial availability of property, goods, or services;

c. Whether the Defendants procured prior express permission or invitation from the recipients to send the faxes;

d. Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

e. Whether the Defendants should be enjoined from faxing advertisements in the future;

f. Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

g. Whether the Defendants sent the faxed advertisements knowingly or willingly such that the Court should award treble damages.

38. Typicality (Fed. R. Civ. P. 23(a)(3)): The Plaintiff's claims are typical of the

claims of all class members. The Plaintiff received the Faxes sent by or on behalf of the Defendants advertising services of the Defendants, specifically their CME sessions and seminars, during the Class Period. The Plaintiff is making the same claims and seeking the same relief for himself and all class members based upon the same federal statute. The Defendants have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

39. Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)): The Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the Class.

40. Common Conduct (Fed. R. Civ. P. 23(b)(2)): Class certification is appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

41. Predominance, Superiority, and Manageability (Fed. R. Civ. P. 23(b)(3)): Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a. Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings;

b. Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

c. The Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d. The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively

small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e. This case is manageable as a class action in that: (i) the Defendants identified persons or entities to receive the fax transmission and it is believed that the Defendants' computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages; (ii) liability and damages can be established for the Plaintiff and the Class with the same common proofs; (iii) statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner; (iv) a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense; (v) a class action will contribute to uniformity of decisions concerning the Defendants' practices; and (vi) as a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## VII. CAUSE OF ACTION

**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq***
**(On Behalf of Plaintiff and the Class)**

42. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

43. The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

44. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

45. The faxes sent by Defendants advertised Defendants' CME courses and seminars,

which are commercial services, and the faxes are advertisements under the TCPA.

46. Plaintiff and the other class members never gave prior express consent to receive the faxes.

47. Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants continue to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

48. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

49. The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services and (b) the faxes constituted an advertisement.

50. The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes used the Plaintiff's fax machine.

51. The Defendants' fax cost the Plaintiff time, as the Plaintiff and his employees

wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Fax unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone.

52. The injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

53. Defendants have no established business relationship with Plaintiff or members of the Class.

54. Defendants sent the Fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Class. The Fax constituted an advertisement under the Act. The faxes were transmitted to persons or entities without their prior express permission or invitation. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Floyd, on behalf of himself and the Class, prays for the following relief:

A. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class and appointing his attorneys as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, to be trebled where the faxes were knowingly or willfully sent, all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendants' faxes constitute unsolicited advertisements, that they lack the required opt out language, and that Defendants sent the faxes without first obtaining prior express invitation, permission or consent of the

recipients, and enjoining Defendants from sending further faxes to Plaintiff and the Class without first obtaining prior express invitation or permission or that fail to contain appropriate opt out language, and otherwise protecting the interests of the Class;

D. An award of pre-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F. Such further and other relief the Court deems reasonable and just.

## IX. JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 26, 2020

**LOUIS FLOYD**, individually and on behalf of all others similarly situated,

By: /s/ Steven L. Weinstein
One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*
*pro hac vice application to be filed