Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
**Woodrow & Peluso, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for* LOUIS FLOYD
and the alleged Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **LOUIS FLOYD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SARATOGA DIAGNOSTICS, INC.**, a California corporation, and **THOMAS PALLONE**, an individual,<br><br>Defendant. | Case No. 5:20-cv-01520-LHK<br><br>**NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE UPON SARATOGA DIAGNOSTICS, INC. AND THOMAS PALLONE**<br>Date: TBD<br>Time: TBD<br>Judge: Honorable Lucy H. Koh<br>Courtroom: 8<br>Complaint Filed: March 1, 2020 |

**PLEASE TAKE NOTICE** that at a date and time to be set by this Court, counsel for Plaintiff Louis Floyd ("Plaintiff" or "Floyd") shall appear before the Honorable Judge Lucy H. Koh or any judge sitting in her stead in Courtroom 8 on the 4th Floor of the United States District Court for the Northern District of California, 280 S. 1st St., San Jose, CA 95113, and present Plaintiff's Motion for Alternative Service upon Saratoga Diagnostics, Inc. and Thomas Pallone ("Motion").

Plaintiff respectfully requests permission to service Defendant Saratoga Diagnostics, Inc.

1 | in accordance with Cal. Corp. Code § 1702(a). Further, Plaintiff requests permission to serve
2 | Defendant Thomas Pallone via certified mail.
3 |     This Motion is based on this Notice and Motion, the attached memorandum of Points and
4 | Authorities and Authorities and exhibits, oral argument of counsel, and any other matter that may
5 | be submitted at the hearing.

Respectfully submitted,

Dated: May 20, 2020

**LOUIS FLOYD**, individually and on behalf of all others similarly situated,

By: /s/ Steven L. Weinstein
       One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice admission pending*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

Plaintiff Louis Floyd ("Plaintiff" or "Floyd") filed the instant action alleging widespread violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act"). Despite repeated service attempts, Plaintiff has been unable to effectuate service upon Defendants Saratoga Diagnostics ("Saratoga") and Thomas Pallone ("Pallone") (collectively "Defendants"). Instead, it is clear that the Defendants are attempting to avoid service. As such, and as explained further below, Plaintiff respectfully requests permission to serve Defendants via alternative means of service.

## II.    Statement of Facts

On March 1, 2020, Plaintiff filed the instant action alleging widespread violation of the JFPA. On March 2, 2020, this Court issued summons to directed to both Defendants. (*See* Dkt. 5.) According to its most recent California Secretary of State business filing, Saratoga's registered agent for service of process, Thomas Pallone, is located at 12619 Paseo Olivos, Saratoga, California 950701. (*See* Saratoga Statement of Information, a true and accurate copy of which Ex. A.) The 12619 Paseo Olivos address is also the home address of Pallone.

Plaintiff, via process server, initially attempted to serve the Complaint, Summons, and other initiating documents on both Defendants on four (4) occasions. (*See* Declarations of Service Attempts on Defendant Saratoga Diagnostics, Inc., true and accurate copies of which are attached hereto as Group Exhibit B; *see also* Declarations of Service Attempts on Thomas Pallone, true and accurate copies of which are attached hereto as Group Exhibit C.) Initially, Plaintiff attempted service on March 11, 2020, March 12, 2020, March 15, 2020, and March 17, 2020. (*See* Grp. Ex. B; Grp. Ex. C.) On the March 17th attempt, the process server spoke with the co-occupant of the residence who stated that Pallone was not available. (*Id.*) The server served a copy of the Complaint, Summons, and other initiating documents on the co-occupant of the home, who refused to provide his name. (*Id.*) Thereafter, the server mailed a copy of the same documents to Pallone. (*Id.*)

      Thereafter, Plaintiff commenced five (5) additional attempts at service—April 24, 2020, April 27, 2020, April 28, 2020, at 5:00 p.m., April 28, 2020, at 7:20 p.m., and April 29, 2020—at the Defendants' address. (*See* Grp. Ex. B; Grp. Ex. C.) On each occasion, Pallone was either not home or refused to answer the door. (*See* Grp. Ex. B; Grp. Ex. C.) Together, Plaintiff has attempted service on nine (9) occasions. (*See* Grp. Ex. B; Grp. Ex. C.)

**III.     Argument**

      **A.     Plaintiff Requests Permission To Serve Defendant Saratoga Via The California Secretary Of State.**

      The California Corporate Code provides for alternative service upon a corporation by delivering the documents by hand to the Secretary of State when a Court finds, supported by affidavit, that the registered agent for service cannot be found with reasonable diligence and issues an order stating as such.  *See* Cal. Corp. Code § 1702(a). To determine whether a party has exercised "reasonable diligence," the Court "examines the affidavit to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Bay Area Painters & Tapers Pension Tr. Fund v. J&C Fuentes Painting & Decorating Co. Inc.*, No. 18-CV-04118-LB, 2018 WL 4108069, at *2 (N.D. Cal. Aug. 29, 2018).

      Despite repeated service attempts, Plaintiff, via process server, has been unable to effectuate service on Saratoga's registered agent, Pallone. As detailed above and supported by the affidavits, Plaintiff has attempted service on nine (9) separate occasions. On each occasion, Pallone was either not home or simply refused to open the door. Further, any additional attempts are likely to prove futile. As such, Plaintiff respectfully requests that the Court issue an Order permitting alternative service by way of serving process upon the California Secretary of State as Defendant's agent in accordance with Cal. Corp. Code § 1702(a).

      **B.     Plaintiff Requests Leave To Serve Defendant Pallone By Certified Mail.**

      Fed. R. Civ. P. 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"

1 Fed. R. Civ. P. 4(e)(1). Since this Court is located in California, it may authorize service in
2 accordance with California law. *See Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR,
3 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012). Section 413.30 of the California provides
4 that "[w]here no provision is made in this chapter or other law for the service of summons, the
5 court in which the action is pending may direct that summons be served in a manner which is
6 *reasonably calculated to give actual notice to the party to be served* and that proof of such service
7 be made as prescribed by the court." Cal. Civ. Code § 413.30 (emphasis added).
8       A court may permit a party to serve a defendant via alternative means if the party can
9 demonstrate that they were reasonably diligent in their service attempts. *See Lagree Techs., Inc. v.*
10 *Spartacus 20th L.P.*, No. 17-CV-00795-JST, 2017 WL 1374598, at *2 (N.D. Cal. Apr. 17, 2017).
11 Generally, "two or three attempts at personal service at a proper place should fully satisfy the
12 requirement of reasonable diligence." *Id.* (citing *Trackman v. Kenney*, 187 Cal. App. 4th 175, 185
13 (2010)).
14       Here, Plaintiff, via process server, has attempted to serve Pallone at his residence on nine
15 (9) occasions. On the first three attempts, Pallone was either not home or just refused to open the
16 door. (Grp. Ex. C.) On March 17, 2020, the process server left a copy of the Complaint,
17 Summons, and initiating documents with the co-occupant of the residence, however, the
18 individual refused to provide his name. (Grp. Ex. C.) Thereafter, the server mailed a copy of the
19 Complaint, Summons, and initiating documents to Pallone's address as well. (Grp. Ex. C.)
20 Consequently, it is likely that Pallone has actual knowledge of the instant action. Regardless,
21 Plaintiff attempted service on five (5) additional occasions. (Grp. Ex. C.) Again, Pallone
22 continued to avoid service despite the process server observing that occupants were home but
23 refused to answer the door. (Grp. Ex. C.) In short, Plaintiff's service attempts plainly demonstrate
24 reasonably diligence, and additional attempts are unlikely to prove fruitful. As such, Plaintiff
25 requests permission to serve Pallone via certified mail, which is reasonably calculated to provide
26 Pallone with actual notice of the lawsuit. Notably, service by certified mail has been permitted
27 where a defendant attempted to avoid service. *See Lagree Techs., Inc.*, 2017 WL 1374598, at *3
28

1  (N.D. Cal. Apr. 17, 2017) (permitting alternative service via certified mail and publication).

2  Therefore, Plaintiff respectfully requests leave to effectuate alternative service
3  upon Pallone by mailing a copy of the Complaint, Summons, and other initiating
4  documents by certified mail.

5  **IV.  Conclusion**

6  For the foregoing reasons, Plaintiff respectfully requests that the Court grant the present
7  motion and issue an Order permitting Plaintiff to effectuate service on Defendant Saratoga by
8  means of service upon the California Secretary of State, to effectuate service on Defendant
9  Pallone by mailing him, via certified mail, a copy of the Complaint, Summons, and initiating
10  documents, and for such additional relief as the Court deems necessary and just.

Respectfully submitted,

Dated: May 20, 2020

**LOUIS FLOYD**, individually and on behalf of all others similarly situated,

By: /s/ Steven L. Weinstein
　　　One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602
Telephone: (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

*Pro Hac Vice admission pending*