1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS FLOYD,<br><br>              Plaintiff,<br><br>      v.<br><br>SARATOGA DIAGNOSTICS, INC., et al.,<br><br>              Defendants. | Case No. 20-CV-01520-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 15 |

Plaintiff Louis Floyd filed this putative class action alleging violations of the Telephone Consumer Protection Act against Defendants Saratoga Diagnostics, Inc. ("Saratoga") and its Chief Executive Officer Thomas Pallone. ECF No. 1 ("Compl."). Before the Court is Plaintiff's motion for alternative service upon Saratoga and Pallone. ECF No. 15 ("Mot."). For the reasons discussed below, the Court GRANTS in part and DENIES without prejudice in part Plaintiff's motion for alternative service.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a resident of California. Compl. ¶ 1. Defendant Saratoga is a California corporation with its principal place of business in Saratoga, California. *Id*. ¶ 2. Defendant Pallone

1

1    is a resident of California.  *Id.* ¶ 3.  Saratoga's corporate registration with the California Secretary

2    of State identifies Pallone as Saratoga's Chief Executive Officer, Secretary, Chief Financial

3    Officer, and agent for service of process.  Mot. Ex. A.  Saratoga's corporate registration does not

4    identify any other officer or any other person authorized to accept service on behalf of Saratoga.

5    *Id.*  In the same registration, the address listed for service of process on Saratoga is Pallone's home

6    address of 12619 Paseo Olivos, Saratoga, California 95070.  *Id.* at 3, Ex. A.

7         Plaintiff filed the instant case on March 1, 2020.  *See* Compl.  After filing the complaint,

8    during March 2020, Plaintiff's process server made four attempts at different times of the day and

9    on different days of the week to serve Pallone and Saratoga at Pallone's home address, consistent

10   with Saratoga's corporate registration.  Mot. at 3, Exs. A, B, C.  Plaintiff was unable to effectuate

11   service during the first three visits.  *Id.* at 3, Exs. B, C.

12        On March 17, the fourth visit, Plaintiff's process server spoke with someone identified in

13   the process server's declaration as "John Doe," a "co-occupant" of Pallone's home.  *Id.*  John Doe

14   refused to provide his name and stated that Pallone was not available.  *Id.*  Plaintiff's process

15   server served a copy of the complaint and summons on this "John Doe."  *Id.*  The process server

16   also mailed a copy of the documents to Pallone.  *Id.* at 3.

17         Subsequently, Plaintiff made five additional attempts at service in April 2020, on different

18   days of the week and at different times of the day, but was ultimately unable to serve Pallone

19   personally.  *Id.* at 4, Exs. B, C.  The process server noted on several occasions that there were cars

20   in the driveway and voices inside the house.  *Id.* Exs. B, C.

21        On May 20, 2020, following Plaintiff's unsuccessful attempts to serve Saratoga and

22   Pallone, Plaintiff filed the instant motion.  *See* Mot.

23   **II.    DISCUSSION**

24        In the instant motion, Plaintiff moves the Court to authorize alternative service on Saratoga

25   via the California Secretary of State under California Corporations Code section 1702(a).  *Id.* at 4.

26   Plaintiff further moves the Court to authorize service on Pallone by certified mail.  *Id.* at 5–6.  The

27

28   Case No. 20-CV-01520-LHK
     ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
     ALTERNATIVE SERVICE

1    Court addresses Plaintiff's two requests in turn.

2        **A.  Service on Saratoga via the California Secretary of State**

3        Service of a complaint in federal court is governed by Federal Rule of Civil Procedure 4.

4    Specifically, Rule 4(h)(1)(A) provides that service on domestic corporations may be effectuated

5    "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Rule 4(e)(1) permits service

6    "following state law for serving a summons in an action brought in courts of general jurisdiction

7    in the state where the district court is located or where service is made."

8        The California Code of Civil Procedure provides for service on a corporation to an agent

9    designated for the service of process or to an officer of the company.  Cal. Code Civ. Proc.

10   § 416.10(a), (b).  If a corporation's agent to receive service "cannot with reasonable diligence be

11   found at the address designated for personally delivering the process," a "court may make an order

12   that the service be made upon the corporation by delivering by hand to the Secretary of State . . .

13   one copy of the process for each defendant to be served, together with a copy of the order

14   authorizing such service."  Cal. Corp. Code § 1702(a); *see, e.g.*, *FTC v. Discountmetalbrokers,*

15   *Inc.*, No. 2:16-cv-02112-ODW, 2016 WL 3751618, at *1–2 (C.D. Cal. July 13, 2016) (finding

16   service under section 1702(a) appropriate after the FTC "exhausted all methods of service short of

17   service on the Secretary of State").

18       For a court to issue such an order, it must be "shown by affidavit to the satisfaction of the

19   court that process against a domestic corporation cannot be served with reasonable diligence" on

20   the corporation's agent according to California Code of Civil Procedure sections 415.10(a),

21   415.20(a), or 415.30(a) or upon the corporation according to sections 416.10(a)–(c) and 416.20(a).

22   Cal. Corp. Code § 1702(a).  *See, e.g.*, *Freshko Produce Servs., Inc. v. ILA Prods., Inc.*, No. 1:19-

23   cv-00017-DAD-BAM, 2020 WL 2039049 at *3 (E.D. Cal. Apr. 28, 2020) (assessing whether

24   plaintiff's declarations show that service was not possible with reasonable diligence by each of the

25   listed methods); *Gambord v. Westside Gas, Inc.*, No. 17-cv-00262-BLF, 2017 WL 2774408, at

26   *2–4 (N.D. Cal. June 26 2017) (same); *Gofron v. Picsel Techs., Inc.*, No. 9-04041-CW, 2010 WL

27

28   Case No. 20-CV-01520-LHK
     ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
     ALTERNATIVE SERVICE

United States District Court
Northern District of California

3

1  4807096, at *1 (N.D. Cal. Nov. 19, 2010) (same).  Accordingly, the Court will consider in turn

2  whether Plaintiff has "shown by affidavit" that Saratoga "cannot be served with reasonable

3  diligence" pursuant to California Code of Civil Procedure sections 415.10(a), 415.20(a),

4  415.30(a), 416.10(a), and 416.10(b).  *See* Cal. Corp. Code § 1702(a).  Sections 416.10(c) and

5  416.20(a) do not apply because Saratoga is not a bank, and Plaintiff does not allege that Saratoga

6  has forfeited its charter or dissolved.  Cal. Code Civ. Proc. §§ 416.10(c), 416.20(a).  Thus, the

7  Court need not reach those two sections.

8  First, section 415.10(a) allows service by "personal delivery . . . to the person to be

9  served."  Cal. Code Civ. Proc. § 415.10(a).  The nine attempts at service that Plaintiff has shown

10  in the affidavit are sufficient to show that process cannot be accomplished with reasonable

11  diligence by personal delivery to Pallone, Saratoga's designated agent.  Mot. at 3–4, Exs. A, B.

12  *See Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) (finding three attempts

13  at delivery to defendant's residence sufficient to allow substitute service).

14  Second, section 415.20(a) allows substitute service by leaving a copy of the complaint and

15  summons at the office or home address of the person to be served "with the person who is

16  apparently in charge thereof" and subsequently mailing the documents to the person to be served

17  at the same address where the documents were left.  Cal. Code Civ. Proc. § 415.20(a).  Plaintiff

18  attempted service at Pallone's home and office address, which are the same.  Mot. at 3, Ex. B.

19  Plaintiff has shown through affidavit an effort to serve Pallone by way of John Doe, a person that

20  Plaintiff's process server identified as Pallone's "co-occupant" because John Doe appeared to

21  reside at Pallone's residence.  *Id.*  However, John Doe refused to identify himself, and thus

22  Plaintiff was unable to ascertain whether John Doe was "apparently in charge," as required for

23  substitute service to be effective under Cal Code Civ. Proc. § 415.20(a).  Mot. at 3, Ex. B; *see,*

24  *e.g.*, *Dytch v. Bermudez*, No. 17-cv-02714-EMC, 2018 WL 2230945, at *2 (N.D. Cal. May 16,

25  2018) (finding substitute service not effective when the recipient was not shown to be "apparently

26  in charge").  The Court is satisfied that service under section 415.20(a) could not be accomplished

United States District Court
Northern District of California

United States District Court
Northern District of California

1   through reasonable diligence in light of Pallone's co-occupant's refusal to cooperate with the

2   process server and identify himself.

3          Third, section 415.30(a) allows service by mail with a return envelope, postage prepaid.

4   Cal. Code Civ. Proc. § 415.30(a).  Service is complete by this method when "a written

5   acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is

6   returned to the sender." *Id.* § 415.30(c).  Plaintiff's motion states that the documents were mailed

7   to Pallone, apparently with no reply because Plaintiff is seeking service by alternative means.

8   Mot. at 3.  However, California Corporations Code section 1702(a) requires that Plaintiff

9   document "by affidavit" his attempts to effectuate service.  Plaintiff's purported attempt at service

10  by mail is not mentioned in any of the process server's declarations, nor is it substantiated in any

11  other affidavit filed with Plaintiff's motion.  Accordingly, the Court finds that Plaintiff has not

12  adequately established *by affidavit* his attempts to substantiate service by mail pursuant to section

13  415.30(a).

14         Fourth, section 416.10(a) allows service on a corporation through its agent.  Cal. Code Civ.

15  Proc. 416(a).  As described above, Plaintiff's affidavit shows nine unsuccessful attempts to serve

16  Pallone, Saratoga's agent.  Mot. at 3–4, Exs. A, B.  Thus, Plaintiff's affidavit has shown that

17  process cannot be served on Saratoga by this method of service with reasonable diligence.

18         Fifth, section 416.10(b) allows service to the "president, chief executive officer, or other

19  head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant

20  treasurer, a controller or chief financial officer, a general manager, or a person authorized by the

21  corporation to receive service of process."  Cal. Code Civ. Proc. § 416.10(b).  Plaintiff's affidavit

22  shows attempts only to serve Pallone.  Mot. at 3–4, Ex. B.  Saratoga's corporate registration

23  identifies Pallone as Saratoga's "Chief Executive Officer," "Secretary," "Chief Financial Officer,"

24  and "Agent for Service of Process." *Id.*  Saratoga's corporate registration identifies no other

25  officer, general manager or person authorized to receive service of process for Saratoga. *Id.*

26  Thus, Plaintiff's nine attempts to serve Pallone show that process cannot be served on Saratoga by

27

28  Case No. 20-CV-01520-LHK
    ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
    ALTERNATIVE SERVICE

5

United States District Court
Northern District of California

1

2

this method of service with reasonable diligence.  *See, e.g.*, *Gambord*, 2017 WL 2774408, at *3 (finding section 416.10 satisfied when plaintiff was unable to serve the lone identified officer).

3

4

5

6

7

8

In sum, although the affidavits Plaintiff filed show substantial efforts to serve Saratoga, Plaintiff has not established by affidavit his attempts to effectuate service via mail to Pallone at his address according to section 415.30(a).  Accordingly, the Court DENIES without prejudice Plaintiff's request to serve Saratoga via the California Secretary of State.  Plaintiff may cure the deficiency by refiling a motion that includes an affidavit that shows that service by mail under section 415.30 is not possible with reasonable diligence.

9

**B.  Service on Pallone by Certified Mail**

10

11

12

As to individual defendants, Federal Rule of Civil Procedure 4(e)(1) allows for service on an individual "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

13

14

15

16

17

18

19

California Code of Civil Procedure section 413.30 allows a court to "direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served."  "To satisfy constitutional norms of due process, the alternative method of service must be 'reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections.'"  *Facebook, Inc. v. Banana Ads, Inc.*, No. 11-3619-YGR, 2012 WL 1038752, at *1 (N.D. Cal. Mar. 27, 2012) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).

20

21

22

23

24

25

26

Courts within this district have authorized service upon individuals via certified mail when personal service was unsuccessful.  For example, a court permitted service by certified mail under California Code of Civil Procedure section 413.30 when the plaintiff alleged five unsuccessful attempts at addresses found in corporate filings and six attempts at a personal address, a gated home with an intercom.  *Lagree Techs., Inc., v. Spartacus 20th L.P.*, No. 17-cv-00795-JST, 2017 WL 1374598, at *1 (N.D. Cal. Apr. 17, 2017).  The Court found that the plaintiff had adequately alleged the defendant "lived in the gated property and evaded process servers."  *Id.* at *3.

27

28

Case No. 20-CV-01520-LHK
ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

1    Therefore, the Court determined that certified mail was a "reasonable alternative likely to provide

2    [defendants] with actual notice." *Id.*

3         Here, Plaintiff's process server has made nine unsuccessful attempts to serve Pallone over

4    a two-month period, at different times of the day and on different days of the week. Mot. at 3–4,

5    Ex. C. The process server noted on several occasions that there were cars in the driveway and

6    voices inside the house. *Id.* Ex. C. Additionally, on March 17, 2020, the process server served a

7    copy of the complaint and summons on "John Doe," who refused to identify himself and who

8    stated that Pallone was "not available," at Pallone's residence. *Id.* at 3, Ex. C.

9         On this basis, Plaintiff has adequately alleged that Pallone lives in the property and has

10   avoided service. Therefore, certified mail appears "reasonably calculated to give actual notice to

11   the party to be served." Cal. Code Civ. Proc. § 413.30; *see Lagree Techs., Inc.*, 2017 WL

12   1374598, at *1.

13   **III.    CONCLUSION**

14        For the foregoing reasons, the Court DENIES without prejudice Plaintiff's motion to serve

15   process on Saratoga via the California Secretary of State. The Court GRANTS Plaintiff's motion

16   to serve Pallone by certified mail.

17   **IT IS SO ORDERED.**

18

19   Dated: June 5, 2020

20                                                  _____

21                                                  LUCY H. KOH

22                                                  United States District Judge

23

24

25

26

27                                    7

28   Case No. 20-CV-01520-LHK
     ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
     ALTERNATIVE SERVICE

United States District Court
Northern District of California