Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602
Telephone: (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for* LOUIS FLOYD
and the alleged Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **LOUIS FLOYD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SARATOGA DIAGNOSTICS, INC.**, a California corporation, and **THOMAS PALLONE**, an individual,<br><br>Defendant. | Case No. 5:20-cv-01520-LHK<br><br>**NOTICE OF MOTION AND RENEWED MOTION FOR ORDER REGARDING ALTERNATIVE SERVICE ON DEFENDANTS**<br><br>Date: November 5, 2020<br>Time: 1:30 p.m.<br>Judge: Honorable Lucy H. Koh<br>Courtroom: 8<br>Complaint Filed: March 1, 2020 |

**PLEASE TAKE NOTICE** that on November 5, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, counsel for Plaintiff Louis Floyd ("Plaintiff" or "Floyd") shall appear before the Honorable Judge Lucy H. Koh or any judge sitting in her stead in Courtroom 8 of the United States District Court for the Northern District of California, 280 S. 1st St., San Jose, CA 95113, and present Plaintiff's Renewed Motion for Order Regarding Alternative Service on Defendants ("Motion").

Plaintiff respectfully requests permission to service Defendant Saratoga Diagnostics, Inc.

in accordance with Cal. Corp. Code § 1702(a). Further, Plaintiff requests that the Court issue an Order finding that Defendant Thomas Pallone was sufficient served via U.S. Mail.

      This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities and exhibits attached thereto, oral argument of counsel, and any other matter that may be submitted at the hearing.

Respectfully submitted,

Dated: July 10, 2020

**LOUIS FLOYD**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
      One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602
Telephone: (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
**Woodrow & Peluso, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice admission pending*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction

Plaintiff Louis Floyd ("Plaintiff" or "Floyd") renews his motion for alternative service on Defendant Saratoga Diagnostics ("Saratoga"), and requests that the Court issue an Order finding that Defendant Thomas Pallone ("Pallone") (collectively "Defendants") was sufficiently served by U.S. Mail. To date, Plaintiff has attempted to serve the Defendants on ten occasions—including nine in-person attempts and additional mailing attempts. Throughout the in-person attempts, Defendants have repeatedly refused to answer the door of their residence and principal place of business. Now, Saratoga has failed to return an acknowledgment of the service by mail, and Pallone has refused to accept the mailing of the Complaint, Summons, and other initiating documents via certified mail, which were ultimately returned to Plaintiff's counsel. Defendants' continued actions demonstrate a sustained effort to avoid service in the case entirely. The time has come for the Court to put an end to the Defendants' gamesmanship.

As such, and as explained further below, Plaintiff respectfully requests that the Court issue an Order permitting service on Defendant Saratoga via the California Secretary of State and declaring that Defendant Pallone was sufficiently served by U.S. Mail.

## II.   Statement of Facts

On March 1, 2020, Plaintiff filed the instant action alleging widespread violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act"). On March 2, 2020, this Court issued a summons to directed to both Defendants. (*See* Dkt. 5.) According to its most recent California Secretary of State business filing, Saratoga's registered agent for service of process, Thomas Pallone, is located at 12619 Paseo Olivos, Saratoga, California 950701. (*See* Saratoga Statement of Information, which can be found at Dkt. 15-1.) The 12619 Paseo Olivos address is also the home address of Pallone.

Plaintiff, via process server, initially attempted to serve the Complaint, Summons, and other initiating documents on both Defendants on four (4) occasions. (*See* Declarations of Service

Attempts on Defendant Saratoga Diagnostics, Inc., which can be found at Dkt. 15-2; *see also* Declarations of Service Attempts on Thomas Pallone, which can be found at Dkt. 15-3.) Initially, Plaintiff attempted service on March 11, 2020, March 12, 2020, March 15, 2020, and March 17, 2020. (*See* Dkt. 15-2; Dkt. 15-3.) On the March 17th attempt, the process server spoke with the co-occupant of the residence who stated that Pallone was not available. (*Id.*) The server served a copy of the Complaint, Summons, and other initiating documents on the co-occupant of the home, who refused to provide his name. (*Id.*) Thereafter, the server mailed a copy of the same documents to Pallone. (*Id.*)

Thereafter, Plaintiff commenced five (5) additional attempts at service—April 24, 2020, April 27, 2020, April 28, 2020, at 5:00 p.m., April 28, 2020, at 7:20 p.m., and April 29, 2020—at the Defendants' address. (*See* Dkt. 15-2; Dkt. 15-3.) On each occasion, Pallone was either not home or refused to answer the door. (*Id.*) Together, Plaintiff has attempted service on nine (9) occasions. (*Id.*) Based on his attempts at service, Plaintiff filed a Motion for Alternative Service Upon Saratoga Diagnostics, Inc. and Thomas Pallone. (Dkt. 15.)

On June 5, 2020, the Court issued an Order granting in part and denying in part without prejudice Plaintiff's motion for alternative service. (Dkt. 20.) On June 8, 2020, Plaintiff mailed, via first class mail, a copy of the Complaint and the exhibit attached thereto, Summons, and other initiating documents to Saratoga. (Affidavit of Taylor T. Smith ("Smith Aff.") ¶ 8, a true and accurate copy of which is attached hereto as Exhibit A.) Included in the mailing were two copies of the notice required by section Cal. Code Civ. Proc. 415.30(b) and a postage prepaid return envelope. (*Id.*) To date—more than a month after the original date of mailing—Plaintiff has not received any written acknowledgment from Saratoga. (*Id.* ¶ 9.) And Saratoga has not reached out to Plaintiff's counsel in any manner. (*Id.*)

Also, on June 8, 2020, Plaintiff mailed, via certified mail, a copy of the Complaint, including the exhibit attached thereto, Summons, and other initiating documents to Defendant Pallone. (Smith Aff. ¶ 10; *see also* Pallone Affidavit of Service, Dkt. 22.) On or around June 15, 2020, Pallone refused to accept the certified mailing. (Smith Aff. ¶ 11; Dkt. 22; *see also* Refused

1  Envelope, a true and accurate copy of which is attached hereto as Exhibit B.) Thereafter,
2  Plaintiff's counsel received the Refused Envelope from Pallone. (Smith Aff. ¶ 12; *see also* Ex. B.)
3  On July 3, 2020, Plaintiff's counsel then undertook to again mail a copy of the Complaint,
4  including the exhibit attached thereto, Summons, and other initiating documents to Pallone.
5  (Smith Aff. ¶ 13; Dkt. 22.) This time, the documents were mailed via first class U.S. Mail. (*Id.*)

Based these facts and as explained further below, Plaintiff renews his motion for alternative service on Saratoga and requests that the Court issue any Order finding that Pallone was sufficiently served by mail.

### III.  Argument

#### A.  Plaintiff Requests Permission To Serve Defendant Saratoga Via The California Secretary Of State.

In its June 5th Order, the Court denied without prejudice Plaintiff's initial request to issue an Order permitting alternative service upon Defendant Saratoga by serving process on the California Secretary of State in accordance with Cal. Corp. Code § 1702(a). (Dkt. 20.) While the Court noted that Plaintiff had shown substantial service efforts, the Court denied the request because Plaintiff had not established by affidavit that he exhausted all methods of service required under Cal. Corp. Code § 1702(a). (*See* Dkt. 20 at 3-6.) Prior to permitting service on a Defendant via the California Secretary of State, Plaintiff must demonstrate that Saratoga "cannot be served with reasonable diligence" pursuant to California Code of Civil Procedure sections 415.10(a), 415.20(a), 415.30(a), 416.10(a), and 416.10(b).[1] (Dkt. 20 at 4); *see also* Cal. Corp. Code § 1702(a).

The Court found that Plaintiff had shown by affidavit that Saratoga could not be served pursuant to sections 415.10(a), 415.20(a), 416.10(a), and 416.10(b). (*See* Dkt. 20 at 4-6.)

---

[1] While Cal. Corp. Code § 1702(a) also requires that Plaintiff demonstrate that service cannot be complete pursuant to sections 416.10(c) and 416.20, the Court, in its prior Order, correctly found that the sections were not applicable because Saratoga is not a bank, and there are no allegations that Saratoga has forfeited its charter or dissolved. (Dkt. 20 at 4.)

NOTICE OF MOTION AND RENEWED
MOTION FOR ALTERNATIVE SERVICE          5

Plaintiff's prior nine attempts to serve Saratoga's registered agent and only officer continue to satisfy these sections. What remains was Plaintiff's failure to satisfy section 415.30(a), which permits service by mail by sending a copy of the complaint and summons along with proper notices and a postage prepaid return envelope. Cal. Code Civ. Proc. 415.30, *et seq.* Service is deemed complete "on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code Civ. Proc. 415.30(c).

On June 8, 2020, Plaintiff mailed, via first-class mail, a copy of the Complaint, including the exhibit attached thereto, Summons, and all initiating documents to Defendant Saratoga, along with two copies of the notice required by section 415.30(b) and a postage prepaid return envelope. (Smith Aff. ¶ 8.) To date, more than 20 days have passed since the mailing of the documents, and Plaintiff has not received any written acknowledgement from Saratoga. (Smith Aff. ¶ 9.) Consequently, Plaintiff has now demonstrated by affidavit that service on Saratoga cannot be accomplished with reasonable diligence pursuant to section 415.30.

Because Plaintiff has demonstrated by affidavit that service cannot be completed pursuant to sections 415.10(a), 415.20(a), 415.30(a), 416.10(a), and 416.10(b) of the California Code of Civil Procedure, Plaintiff now respectfully requests permission to serve Saratoga via the California Secretary of State pursuant to Cal. Corp. Code § 1702(a).

**B.     Plaintiff Requests that the Court Find that service on Pallone is Sufficient.**

In its June 5th Order, the Court also permitted Plaintiff to serve Defendant Pallone by certified mail. (Dkt. 20 at 6-7.) On July 8, 2020, Plaintiff served the Complaint, including the exhibit attached thereto, Summons, and other initiating documents on Pallone by mailing each via certified mail. (Smith Aff. ¶ 10; Dkt. 22.) On June 15, 2020, Pallone refused to accept the envelope, which was then returned to Plaintiff's counsel. (Smith Aff. ¶ 11; *see also* Refused Envelope, Ex. B.) Pallone's refusal to accept the service does not render the service insufficient. Rather, this Court should find that service was complete upon mailing. Moreover, Pallone's intentional refusal to accept the certified mailing further demonstrates that has actual knowledge of this action. For good measure, on July 3, 2020, Plaintiff mailed, via first class U.S. Mail, a

copy of the Complaint, Exhibit A to the Complaint, Summons, and other initiating documents to Pallone. (Smith Aff. ¶ 13; Dkt. 22.) Together, the Court should find that Plaintiff's actions were "reasonable calculated to give actual notice to the party to be served." Cal. Code Civ. Proc. 413.30. Therefore, Plaintiff respectfully requests that the Court issue an Order finding that Plaintiff effectuated service on Pallone via U.S. Mail on June 8, 2020.

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the present motion and issue an Order permitting Plaintiff to effectuate service on Defendant Saratoga by means of service upon the California Secretary of State, issue an Order finding that Plaintiff effectuated service over Pallone, and for such additional relief as the Court deems necessary and just.

Respectfully submitted,

Dated: July 10, 2020

**LOUIS FLOYD**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
    One of Plaintiff's Attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602
Telephone: (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice admission pending*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 10, 2020, I served a true and accurate copy of the foregoing documents by first-class U.S. Mail, postage prepaid, and properly addressed to the following parties:

Saratoga Diagnostics, Inc.
12619 Paseo Olivos
Saratoga, CA 95070

Thomas Pallone
12619 Paseo Olivos
Saratoga, CA 95070

/s/ Taylor T. Smith