# Exhibit A

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602
Telephone: (510) 336-2181

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for* LOUIS FLOYD
and the alleged Class

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **LOUIS FLOYD,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SARATOGA DIAGNOSTICS, INC.**, a California corporation, and **THOMAS PALLONE**, an individual<br><br>Defendant. | Case No. 5:20-cv-01520-LHK<br><br>**AFFIDAVIT OF TAYLOR T. SMITH IN SUPPORT OF MOTION FOR ORDER REGARDING ALTERNATE SERVICE ON DEFENDANTS**<br><br>Date: November 5, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh<br>Courtroom: 8<br>Complaint Filed: March 1, 2020 |

I, Taylor T. Smith declare as follows:

1. I am an associate attorney with the law firm Woodrow & Peluso, LLC and one of the attorneys for Plaintiff Louis Floyd ("Plaintiff" or "Floyd"). I am over the age of 18 and, if necessary, can competently testify if required to do so.

2. On March 1, 2020, Plaintiff filed the instant action against Defendants Saratoga Diagnostics, Inc. ("Saratoga") and Thomas Pallone ("Pallone") (collectively "Defendants")

alleging widespread violation of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act").

3. On March 6, 2020, Plaintiff's counsel sent the Complaint and the exhibit attached thereto, Summons, and Order Setting Initial Case Management Conference and ADR Deadlines to a process server in the State of California for service.

4. Plaintiff, via process server, attempted to serve both Defendants on March 11, 2020, March 12, 2020, March 15, 2020, and March 17, 2020. (*See* Dkt. 15-2; Dkt. 15-3.) On March 17, 2020, the process server spoke with the co-occupant of the resident who stated that Pallone was not available (*Id.*) The server served a copy of the Complaint, Summons, and other initiating documents on the co-occupant of the home, who refused to provide his name. (*Id.*) Thereafter, the server mailed a copy of the same documents to Pallone. (*Id.*)

5. Plaintiff subsequently commenced five additional attempts to serve Defendants— including April 24, 2020, April 27, 2020, April 28, 2020, at 5:00 p.m., April 28, 2020, at 7:20 p.m., and April 29, 2020—at the Defendants' address. (*See* Dkt. 15-2; Dkt. 15-3.) On each of the attempts, Pallone was either not home or refused to answer the door. (*Id.*)

6. Based on his inability to serve the Defendants, Plaintiff filed a Motion for Alternative Service Upon Saratoga and Pallone. (Dkt. 15.)

7. On June 5, 2020, the Court issued an Order granting in part and denying in party without prejudice Plaintiff's Motion for Alternative Service. (Dkt. 20.) The Court permitted Plaintiff to serve Defendant Pallone via certified mail. (*Id.*)

8. On June 8, 2020, Plaintiff mailed, via first class mail, a copy of the Complaint, including the exhibit attached thereto, Summons, and other initiating documents to Saratoga. Included in the mailing were two copies of the notice required by section Cal. Code Civ. Proc. 415.30(b) and a postage prepaid return envelope.

9. To date, Plaintiff's counsel has not received any written acknowledgement from Saratoga. And more than 20 days have passed since the mailing of the documents. Further, Saratoga has not reached out to Plaintiff's counsel in any fashion.

1       10.     Also, on June 8, 2020, Plaintiff mailed, via certified mail, a copy of the Complaint, including the exhibit attached thereto, Summons, and other initiating documents to Defendant Pallone.

2       11.     On or around June 15, 2020, Pallone refused to accept the certified mailing.

3       12.     Thereafter, Plaintiff's counsel received the envelope that Pallone refused to accept.

4       13.     On July 3, 2020, Plaintiff's counsel then undertook to again mail a copy of the Complaint, including the exhibit attached thereto, Summons, Order Setting Initial Case Management Conference, Order Reassigning Case, and Order Granting In Part And Denying In Part Without Prejudice Plaintiff's Motion for Alternative Service to Pallone via first class U.S. Mail. (*See* Dkt. 22.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 10, 2020, in Denver, Colorado.

By: */s/ Taylor T. Smith*
Taylor T. Smith

AFFIDAVIT OF TAYLOR T. SMITH
ISO RENEWED MOTION FOR
ALTERNATIVE SERVICE

3