UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>SARATOGA DIAGNOSTICS, INC.,<br><br>    Defendants. | Case No. 20-CV-01520-LHK<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 24 |

Plaintiff Louis Floyd ("Plaintiff") filed this putative class action alleging violations of the Telephone Consumer Protection Act against Defendants Saratoga Diagnostics, Inc. ("Saratoga") and its Chief Executive Officer Thomas Pallone ("Pallone"). ECF No. 1 ("Compl."). Before the Court is Plaintiff's motion for alternative service upon Saratoga and request that the Court find service of process on Pallone sufficient. ECF No. 23 ("Renewed Mot."). For the reasons discussed below, the Court GRANTS Plaintiff's motion to serve process on Saratoga via the California Secretary of State and GRANTS Plaintiff's request that the Court find service of process on Pallone sufficient.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

1

Case No. 20-CV-01520-LHK
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE

Plaintiff is a resident of California. Compl. ¶ 1. Defendant Saratoga is a California corporation with its principal place of business in Saratoga, California. *Id*. ¶ 2. Defendant Pallone is a resident of California. *Id*. ¶ 3. Saratoga's corporate registration with the California Secretary of State identifies Pallone as Saratoga's Chief Executive Officer, Secretary, Chief Financial Officer, and agent for service of process. ECF No. 15 ("Mot."), Ex. A. Saratoga's corporate registration does not identify any other officer or any other person authorized to accept service on behalf of Saratoga. *Id.* In the same registration, the address listed for service of process on Saratoga is Pallone's home address of 12619 Paseo Olivos, Saratoga, California 95070. *Id.* at 3, Ex. A.

Plaintiff filed the instant case on March 1, 2020. *See* Compl. After filing the complaint, during March 2020, Plaintiff's process server made four attempts at different times of the day and on different days of the week to serve Pallone and Saratoga at Pallone's home address, consistent with Saratoga's corporate registration. *Id.*, Exs. A, B, C. Plaintiff was unable to effectuate service during the first three visits. *Id*., Exs. B, C.

On March 17, 2020, the fourth visit, Plaintiff's process server spoke with someone identified in the process server's declaration as "John Doe," a "co-occupant" of Pallone's home. *Id.* John Doe refused to provide his name and stated that Pallone was not available. *Id.* Plaintiff's process server served a copy of the complaint and summons on this John Doe. *Id*.

On March 17, 2020, the process server also mailed a copy of the documents to Pallone. Mot. at 3. As of July 10, 2020, nearly four months after Plaintiff mailed the documents, Plaintiff had not received any written acknowledgment from Pallone, and Pallone had not returned the documents to Plaintiff. Renewed Mot. at 4.

Subsequently, Plaintiff made five additional attempts at service in April 2020, on different days of the week and at different times of the day, but was ultimately unable to serve Pallone personally. Mot. at 4, Exs. B, C. The process server noted on several occasions that there were cars in the driveway and voices inside the house. *Id.*

2
Case No. 20-CV-01520-LHK
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE

On May 20, 2020, following Plaintiff's unsuccessful attempts to serve Saratoga and Pallone, Plaintiff filed a motion requesting that the Court authorize alternative service on Saratoga via the California Secretary of State under California Corporations Code section 1702(a) and that the Court authorize service on Pallone by certified mail. *See id.* On June 5, 2020, the Court denied without prejudice Plaintiff's motion for alternative service on Saratoga via the California Secretary of State and granted Plaintiff's motion to serve Pallone by certified mail. ECF No. 20 ("Order").

On June 8, 2020, Plaintiff mailed, via certified mail, a copy of the Complaint, Summons, and all case initiation documents to Pallone, as authorized by the Court. Renewed Mot. at 4. However, around June 15, 2020, Pallone refused to accept the certified mailing, which was returned to Plaintiff's counsel. *Id.* Pallone placed a label over his name and address that stated: "RETURN TO SENDER. REFUSED. UNABLE TO FORWARD. RETURN TO SENDER." *Id.*, Ex. B.

On June 8, 2020, Plaintiff also mailed, via first class mail, a copy of the Complaint, Summons, and all case initiation documents to Saratoga, along with two copies of the notice required by section 415.30(b) and a postage prepaid return envelope. *Id*. at 6; Ex. A ("Smith Aff.") ¶ 8. As of July 10, 2020, a month after Plaintiff mailed the documents, Plaintiff had not received any written acknowledgment from Saratoga, and Saratoga had not returned the documents to Plaintiff. Renewed Mot. at 5–6.

Finally, on July 3, 2020, Plaintiff again mailed Pallone at Pallone's home address a copy of the Complaint, Summons, and all case initiation documents via first class mail. *Id.* at 5. As of July 10, 2020, a week after Plaintiff mailed the documents, Plaintiff had not received any written acknowledgment from Pallone, and Pallone had not returned the documents to Plaintiff. *Id.* at 5–6.

On July 10, 2020, Plaintiff filed the instant motion renewing his request for alternative service upon Saratoga via the California Secretary of State and requesting that the Court find service of process on Pallone sufficient. *See* Renewed Mot.

## II. DISCUSSION

In the instant motion, Plaintiff moves the Court to authorize alternative service on Saratoga via the California Secretary of State under California Corporations Code section 1702(a). *Id.* at 5. Plaintiff further moves the Court to find that service on Pallone is sufficient. *Id.* at 6. The Court addresses Plaintiff's two requests in turn.

### A. Service on Saratoga via the California Secretary of State

In Plaintiff's initial motion for alternative service, Plaintiff asked the Court to authorize service of process on Saratoga via the California Secretary of State under California Corporations Code section 1702(a). *See* Mot. at 4.

On June 5, 2020, the Court denied without prejudice Plaintiff's motion. *See* Order. The Court explained that, before authorizing service of process via the California Secretary of State, pursuant to California Corporations Code section 1702(a), Plaintiff was required to demonstrate via affidavit that Saratoga could not be served with "reasonable diligence" pursuant to five statutory sections, namely sections 416.10(a) and (b), or via the corporation's agent pursuant to California Code of Civil Procedure sections 415.10(a), 415.20(a), or 415.30(a). *Id.* at 3 (quoting Cal. Corp. Code § 1702(a)).

On June 5, 2020, the Court found that Plaintiff had satisfactorily demonstrated the inability to serve Saratoga with "reasonable diligence" as to four of the five statutory sections. *Id.* at 3–6. Specifically, Plaintiff showed by affidavit that Saratoga could not be served with "reasonable diligence" pursuant to sections 415.10(a), 415.20(a), 416.10(a), and 416.10(b), but Plaintiff had not adequately established by affidavit Plaintiff's attempts to substantiate service by mail pursuant to section 415.30(a). *Id.* The Court held that Plaintiff must provide an affidavit to substantiate any service attempts under section 415.30(a) before service via the California Secretary of State may be authorized. *Id.* at 5. The Court instructed that Plaintiff may "cure the deficiency by refiling a motion that includes an affidavit that shows that service by mail under section 415.30 is not possible with reasonable diligence." *Id.* at 6.

The Court finds that Plaintiff has now cured the previously identified deficiency by

providing an affidavit that shows that service by mail under section 415.30 is not possible with reasonable diligence. Smith Aff. ¶¶ 4, 9, 10, 13 (outlining unsuccessful attempts to serve Saratoga via mail). Thus, the Court GRANTS Plaintiff's request to serve Saratoga via the California Secretary of State pursuant to California Corporations Code section 1702(a). Plaintiff shall effectuate service upon Saratoga via the California Secretary of State and file a proof of service by no later than September 28, 2020.

### B. Service on Pallone Is Sufficient

The Court deems Plaintiff's service on Pallone sufficient in light of Pallone's evasion of service and Plaintiff's exhaustive attempts to provide notice to Pallone and Saratoga. *See* Renewed Mot. at 3–5.

As stated above, Saratoga's corporate registration with the California Secretary of State identifies Pallone as Saratoga's Chief Executive Officer, Secretary, Chief Financial Officer, and agent for service of process. *Id.* at 3. In the same registration, the address listed for service of process on Saratoga is Pallone's home address. *Id*.

In total, Plaintiff has attempted in-person service on Pallone and Saratoga at Pallone's home address a total of nine times on different days of the week and different times of the day. *Id.* at 3–4. The process server noted on several occasions that there were cars in the driveway and voices inside the house. Mot. at 3, Exs. B, C. On one occasion, Plaintiff's process server spoke with someone identified in the process server's declaration as "John Doe," a "co-occupant" of Pallone's home. *Id*. John Doe refused to provide his name and stated that Pallone was not available. *Id.* Plaintiff's process server served a copy of the complaint and summons on this John Doe. *Id*.

On March 17, 2020, the process server mailed a copy of the complaint, summons, and all case initiation documents to Pallone. Mot. at 3. As of July 10, 2020, nearly four months after Plaintiff mailed the documents, Plaintiff had not received any written acknowledgment from Pallone, and Pallone had not returned the documents to Plaintiff. *Id.* at 4.

On May 20, 2020, Plaintiff requested that the Court grant permission to serve Pallone via

5

certified mail. *Id.* at 4–6. On June 5, 2020, the Court granted Plaintiff's motion to serve Pallone via certified mail because such process "appears 'reasonably calculated to give actual notice to the party to be served.'" Order at 7.

On June 8, 2020, Plaintiff mailed to Pallone at Pallone's home address, via certified mail, the Complaint, Summons, and all case initiation documents, as authorized by the Court. Renewed Mot. at 4. However, around June 15, 2020, Pallone refused to accept the certified mailing, which was returned to Plaintiff's counsel. *Id.* at 6. Pallone placed a label over his name and address that stated: "RETURN TO SENDER. REFUSED. UNABLE TO FORWARD. RETURN TO SENDER." *Id.*, Ex. B.

On June 8, 2020, Plaintiff also mailed, via first class mail, a copy of the Complaint, Summons, and all case initiation documents to Saratoga at Pallone's home address, along with two copies of the notice required by section 415.30(b) and a postage prepaid return envelope. *Id*. at 6; Ex. A ("Smith Aff.") ¶ 8. As of July 10, 2020, a month after Plaintiff mailed the documents, Plaintiff had not received any written acknowledgment from Saratoga, and Saratoga had not returned the documents to Plaintiff. *Id*. at 5–6.

Finally, on July 3, 2020, Plaintiff again mailed Pallone at Pallone's home address a copy of the Complaint, Summons, and all case initiation documents via first class mail. *Id*. at 5. As of July 10, 2020, a week after Plaintiff mailed the documents, Plaintiff had not received any written acknowledgment from Pallone, and Pallone had not returned the documents to Plaintiff. *Id.* at 5–6.

The Court finds that Pallone is evading service; has received the Complaint, Summons, and all case initiation documents at least four times; and thus, has actual notice of the complaint, summons, and all case initiation documents. *See, e.g.*, *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009) ("Sufficient service may be found where there is a good faith effort to comply with the requirements of [Federal Rule of Civil Procedure] 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing

and intentional actions to evade service."); *Antelope Valley Allied Arts Ass'n v. Lancaster Redevelopment Agency*, No. CV 10-10039 DSF (FMOx), 2011 WL 13217771, at *2 (C.D. Cal. Nov. 7, 2011) (finding service sufficient even without effectuating in-person service when the plaintiff made three in-person service attempts at the defendant's home, that plaintiff noted that the defendant's car was parked in the driveway, the plaintiff was sent away on one occasion by the defendant, and the plaintiff finally left the summons and complaint behind the screen door on the defendant's porch).

Here, Plaintiff's nine in-person service attempts, including service on John Doe, and Plaintiff's four attempts at service via mail, including one court-authorized attempt at service via certified mail, were sufficient to give notice to Pallone. "So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." *Travelers*, 551 F.3d 1132 (citation omitted). Accordingly, Plaintiff's request that the Court deem service upon Pallone to be sufficient is GRANTED. The Court deems such service to have been completed by July 13, 2020, which is ten days after Plaintiff's fourth mailing of the summons and complaint to Pallone. *See* Cal. Code Civ. Proc. § 415.20 (deeming service completed on the tenth day after mailing).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to serve process on Saratoga via the California Secretary of State and Plaintiff's request that the Court find service of process on Pallone sufficient.

**IT IS SO ORDERED.**

Dated: August 5, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge