UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS FLOYD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SARATOGA DIAGNOSTICS, INC., and THOMAS PALLONE<br><br>Defendants. | Case No. 20-CV-01520-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

Plaintiff Louis Floyd ("Plaintiff") brings this putative class action against Defendants Saratoga Diagnostics, Inc. ("Saratoga") and Thomas Pallone (collectively, "Defendants") under the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act. Complaint, ECF No. 1, at ¶ 4 ("Comp."). Before the Court is Plaintiff's motion for class certification. ECF No. 35 ("Mot.").[1] Having considered Plaintiff's submissions, the relevant law, and the record in this case, the Court DENIES without prejudice Plaintiff's motion for class certification.

---

[1] Plaintiff's motion for class certification contains a notice of motion paginated separately from the points and authorities in support of the motion. ECF No. 35, at i. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

1
Case No. 20-CV-01520-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

## I. BACKGROUND

### A. Factual Background

Plaintiff Floyd is a resident of Campbell, California. Comp. at ¶ 1. Defendant Saratoga is a California corporation with its principal place of business in Saratoga, California. *Id.* at ¶ 2. Defendant Pallone is the President of Saratoga. *Id.* at ¶ 27.

On March 12, 2019, Defendants transmitted a facsimile advertisement by fax to Plaintiff. *Id.* at ¶ 18. This fax advertised continuing medical education seminars. *Id.* Plaintiff did not provide permission or invite Defendants to send a fax to Plaintiff and Plaintiff has no prior relationship with Defendants. *Id.* at ¶ 23.

Plaintiff alleges on information and belief that Defendants faxed the same unsolicited facsimile to more than 40 other recipients without those recipients' permission or invitation. *Id.* at ¶ 24.

### B. Procedural History

Plaintiff filed a complaint in the instant action on March 1, 2020. ECF No. 1. Plaintiff's complaint alleges a single cause of action for violation of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act ("JFPA"), 47 U.S.C. § 227, *et seq*. *Id.* at ¶ 42.

Plaintiff served Pallone by mail on July 13, 2020. ECF No. 24. Plaintiff served Saratoga via the California Secretary of State on August 17, 2020. ECF No. 27. To date, neither Defendant has appeared in this case.

On October 14, 2020, Plaintiff filed a motion for entry of default against both Defendants. ECF No. 28. On October 14, 2020, the Clerk of the Court entered default against both Defendants. ECF No. 29, 33.

On November 25, 2020, Plaintiff filed the instant motion for class certification. ECF No. 35 ("Mot."). Plaintiff seeks to certify the following class under Federal Rule of Civil Procedure 23(b)(2) or 23(b)(3):

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendants or on Defendants' behalf, (3) a telephone facsimile

>message substantially similar to Exhibit A, (4) from whom Defendants claim they obtained prior express permission or invitation to send those faxes in the same manner as Defendants claim they obtained prior express permission or invitation to fax the Plaintiff, and (5) for whom Defendants had no prior business relationship.

Mot. at 1; Comp. at ¶ 32. Furthermore, Plaintiff seeks to have Plaintiff's counsel, Patrick H. Peluso and Taylor T. Smith of Woodrow & Peluso, LLC, appointed as class counsel. *Id.* at 12. Finally, Plaintiff requests a 120-day period to conduct limited discovery. Specifically, Plaintiff seeks to conduct third-party discovery to "establish a notice plan, class wide damages, and determine what assets Defendants possess." *Id.*

## II.  LEGAL STANDARD

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. Rule 23 does not set forth a mere pleading standard. To obtain class certification, a plaintiff bears the burden of showing that he has affirmatively met each of the four requirements of Rule 23(a) and at least one subsection of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001). After an entry of default, the Court accepts the well-pleaded factual allegations in the complaint as true. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, "[a] party seeking class certification must affirmatively demonstrate . . . compliance with the Rule[.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Rule 23(a) provides that a district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4). That is, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation to maintain a class action. *Mazza v. Am. Honda Motor Co.*, *Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

If all four prerequisites of Rule 23(a) are satisfied, the Court must also find that Plaintiff "satisfy[ies] through evidentiary proof" at least one of the three subsections of Rule 23(b).

3
Case No. 20-CV-01520-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

*Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Rule 23(b) sets forth three general types of class actions. *See* Fed. R. Civ. P. 23(b)(1)–(b)(3). As relevant here, Plaintiff seeks certification under Rule 23(b)(3) or Rule 23(b)(2). A class may be certified under 23(b)(3) if a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). A class may be certified under 23(b)(2) if a court finds that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"[A] court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim[.]'" *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465–66 (2013) (quoting *Dukes*, 564 U.S. at 351). This "rigorous" analysis applies to both Rule 23(a) and Rule 23(b). *Comcast*, 569 U.S. at 34. (discussing how Congress included "addition[al] . . . procedural safeguards for (b)(3) class members beyond those provided for (b)(1) or (b)(2) class members (e.g., an opportunity to opt out)," and how a court has a "duty to take a 'close look' at whether common questions predominate over individual ones"). When conducting this rigorous analysis, the Court may be required to "judg[e] the persuasiveness of the evidence presented." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).

Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen*, 568 U.S. at 466. "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determine whether the Rule 23 prerequisites for class certification are satisfied." *Id.* If a court concludes that the moving party has met its burden of proof, then the court has broad discretion to certify the class. *Zinser*, 253 F.3d at 1186.

### III.   DISCUSSION

Plaintiff contends that he has met all threshold requirements for class certification under Rule 23(a), and therefore seeks certification of a damages class under Rule 23(b)(3) or an

1 injunctive relief class under Rule 23(b)(2).

2     The Court first addresses the numerosity requirement of Rule 23(a)(1) below. Because Plaintiff's failure to establish numerosity is sufficient to require denial of class certification, the Court need not reach Plaintiff's further arguments for class certification under Rule 23(a) and Rule 23(b).

### A. Plaintiff Has Failed to Establish Numerosity under Rule 23(a)(1)

    In order to establish numerosity under Federal Rule of Civil Procedure 23(a)(1), Plaintiff must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). When evaluating numerosity, the Court considers the specific facts of the case and the rule itself "imposes no absolute limitations." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). However, "[a]s a general rule, classes of 20 are too small, classes of 20–40 may or may not be big enough depending on the circumstances of each case, and classes of 40 or more are numerous enough." *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 522 (C.D. Cal. 2012). In analyzing numerosity "a court may make common-sense assumptions and reasonable inferences." *The Civil Rights Educ. & Enforcement Ctr. v. RLJ Lodging Trust*, 2016 WL 314400, at *6 (N.D. Cal. 2016).

    Plaintiff argues that he has satisfied Rule 23(a)(1) because Plaintiff has adequately pled that Defendants sent faxes to hundreds if not thousands of individuals who fall into the putative class. Mot. at 6. Plaintiff also argues that "common sense dictates that for a facsimile advertising scheme to have any worthwhile result, Defendants would have had to fax hundreds if not thousands of individuals." *Id.*

    However, Plaintiff's complaint is not clear on the number of individuals that Defendants faxed with the unsolicited advertisement. In the factual background section of Plaintiff's complaint, Plaintiff alleges that "[o]n information and belief, Defendants faxed the same unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation." CAC at ¶ 24. By contrast, in the class action section of the complaint, Plaintiff states that "Plaintiff is informed and believes, and upon such

information and belief avers, that the number of class members is in the thousands." *Id.* at ¶ 36. At no point does Plaintiff explain the discrepancy between these two allegations in the complaint. This lack of clarity undermines Plaintiff's argument that he has affirmatively demonstrated "that there are in fact sufficiently numerous parties" under Rule 23(a)(1). *Dukes*, 564 U.S. at 350.

Moreover, despite the fact that Plaintiff argues that hundreds if not thousands of other individuals received the same unsolicited advertisement by fax from Defendants, Plaintiff has not provided evidence that a single other individual received the same fax from Defendants. This lack of supporting evidence of numerosity is fatal to Plaintiff's argument that he has affirmatively met the numerosity requirement of Rule 23(a)(1). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. As such, Plaintiff must provide specific evidence of numerosity beyond a mere assertion that hundreds if not thousands of putative class members exist.

Comparing this case to other cases where class certification has been granted or denied after default confirms the Court's conclusion. For example, in *Whitaker v. Bennett Law* the court granted class certification after defendant defaulted on a TCPA claim. *Whitaker v. Bennett Law, PLLC*, 2014 WL 5454398, at *7 (S.D. Cal. Oct. 27, 2014). The court found that there was sufficient evidence to demonstrate that the class would be of such a size that joinder of all members would be impractical. *Id.* Specifically, the court based its finding of numerosity on: (1) plaintiff's allegation that there were thousands of putative class members; and (2) the fact that "[n]umerous online forums exist where a vast amount of complaints have been lodged against [defendant] regarding unethical debt collection endeavors, ranging from allegations of harassment to violations of the TCPA." *Id.* at *4. In light of the numerous online complaints against defendant complaining of the same violation of the TCPA, the court found that plaintiff had met Rule 23(a)(1)'s numerosity requirement. *Id.*

Similarly, in *Jackson v. Paycron* the court granted class certification after defendant

defaulted on a TCPA claim. 2019 WL 2085430, at *4 (M.D. Fla. May 13, 2019). The court found that there was sufficient evidence of numerosity because: (1) "telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers"; (2) there were a large number of online complaints regarding defendant's unsolicited calls; and (3) "[d]efendant used an autodialer, which is used precisely because of its capacity to call consumers en masse." *Id.* at *2. The court found that this evidence, taken together, was sufficient to demonstrate that plaintiff had affirmatively met the numerosity requirements of Rule 23(a)(1). *Id.*

In both *Whitaker* and *Jackson*, plaintiff provided specific evidence that numerous other individuals had posted online complaints after receiving the same unsolicited call that gave rise to plaintiff's TCPA claim. This specific evidence that numerous other individuals had suffered the violation as plaintiff demonstrated that the putative class was in fact sufficiently numerous as required by Rule 23(a)(1). In the instant case, Plaintiff has provided no evidence that a single other individual received the same unsolicited fax that Plaintiff received from Defendants.

As such, the instant case is more similar to two recent cases in which courts have denied class certification after default. In *Wang v. Defense Tax Group*, the court denied class certification after defendant defaulted on a TCPA claim. 2020 WL 6204578, at *3 (C.D. Cal. Aug. 10, 2020). The Court denied class certification because of "[p]laintiff's failure to present any evidence that even a single other person received unwanted text messages like the ones [plaintiff] received." *Id.* at *2. Much like the instant case, plaintiff sought to establish numerosity by alleging that defendant "sent at least three text message advertisements to 2,000 of its current or former clients." *Id.* The court found that these allegations were insufficient to affirmatively demonstrate that plaintiff had met Rule 23(a)(1)'s numerosity requirement. *Id.* at *3. As such, the court denied class certification. *Id.*

Similarly, in *Yarger v. Fresh Farms*, the court denied class certification after defendant defaulted on a TCPA claim. 2020 WL 4673229, at *8 (D. Kan. Aug. 12, 2020). The court found that plaintiff had failed to demonstrate numerosity because plaintiff's only evidence that joinder was impracticable was plaintiff's allegation that "the number of class members is substantial and

1     may include hundreds if not thousands of persons." *Id.* at *7.  Plaintiff further alleged that

2     numerosity was "evidenced by the impersonal, pro forma advertising content of the subject

3     unsolicited text messages." *Id.*  The Court found that these allegations on their own were

4     insufficient to establish numerosity under Rule 23(a)(1).

5         Plaintiff's allegations in the instant case are much closer to those in *Wang* and *Yarger* than

6     *Whitaker* or *Jackson*.  In contrast to the plaintiffs in *Whitaker* and *Jackson*, Plaintiff has provided

7     no evidence that other individuals received Defendants' unsolicited advertisement by fax.  As

8     such, Plaintiff has failed to "prove that there are in fact sufficiently numerous parties" as required

9     by Rule 23(a)(1).  *Dukes*, 564 U.S. at 350–51.  The Court must therefore find that Plaintiff has

10    failed to establish that the putative class "is so numerous that joinder of all members is

11    impracticable."  Fed. R. Civ. P. 23(a)(1).

12        Accordingly, Plaintiff has failed to establish numerosity under Rule 23(a)(1).  The Court

13    must therefore deny Plaintiff's motion for class certification.  *See Mazza*, 666 F.3d at 588 ("Rule

14    23(a) requires that plaintiffs demonstrate numerosity, commonality, typicality and adequacy of

15    representation in order to maintain a class action.").

16        However, the Court notes the unique posture of this case.  Defendants have failed to appear

17    in this case, and Defendants' lack of appearance has hindered Plaintiff's ability to conduct

18    discovery to identify the size of any putative class.  Because of the unique posture of this case, the

19    Court DENIES without prejudice Plaintiff's motion for class certification.

20        Furthermore, the Court GRANTS Plaintiff's request for a 120-day period to conduct

21    limited discovery.  *See* Mot. at 12.  Thus, Plaintiff may conduct limited discovery until September

22    23, 2021.  If Plaintiff chooses to file a renewed motion for class certification, he must do so by

23    October 14, 2021.

24    **B. Class Counsel**

25        Plaintiff also requests that Plaintiff's counsel, Woodrow & Peluso, LLC, be appointed

26    class counsel.  Mot. at 13.  However, Plaintiff's request to appoint Woodrow & Peluso, LLC as

27    class counsel is moot because the Court denies Plaintiff's motion to certify a class.

28

## IV. CONCLUSION

In sum, the Court finds that Plaintiff has failed to satisfy the requirements of Rule 23(a)(1) with respect to Plaintiff's putative class. Accordingly, the Court DENIES without prejudice Plaintiff's motion for class certification.

**IT IS SO ORDERED.**

Dated: May 26, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge