Steven L. Weinstein (67975)
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181

Taylor T. Smith*
tsmith@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woordowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80120
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

**Pro hac vice*

*Attorneys for Plaintiff* LOUIS FLOYD

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

**Louis Floyd,** individually and on behalf of all others similarly situated,

Plaintiff,

v.

**Saratoga Diagnostics, Inc.** a California corporation and **Thomas Pallone**, an individual,

Defendants.

Case No. 5:20-cv-01520-LHK

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST SARATOGA DIAGNOSTICS, INC. AND THOMAS PALLONE**

Date: March 10, 2022
Time: 1:30 PM
Judge: Hon. Lucy H. Koh
Courtroom: 8
Complaint Filed: March 1, 2020

**PLEASE TAKE NOTICE** that on Thursday, March 10, 2022, at 1:30 p.m., or as soon thereafter as counsel may be heard, counsel for Plaintiff Louis Floyd ("Plaintiff" or "Floyd") shall appear before the Honorable Lucy H. Koh or any judge sitting in her stead in Courtroom 8 of the United States District Court for the Northern District of California, United States Courthouse, 280 S. 1st Street, San Jose, CA 95113 and present Plaintiff's Motion for Default Judgment Against Saratoga Diagnostics, Inc. and Thomas Pallone. This Motion is based on this Notice and Motion,

the Memorandum in Support of the Motion, oral argument of counsel, and any other matter that may be submitted at the hearing.

Respectfully submitted,

Dated: November 30, 2021

**LOUIS FLOYD**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Steven L. Weinstein (67975)
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181

Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
Patrick H. Peluso (*admitted pro hac vice*)
ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

## TABLE OF CONTENTS


**I. INTRODUCTION ....................................................................................6**

**II. LEGAL, FACTUAL, AND PROCEDURAL BACKGROUND ....................................6**

**III. STATEMENT OF ISSUES TO BE DECIDED .......................................................8**

**IV. ARGUMENT ......................................................................................................8**

**A. The Court Has Jurisdiction Over Both The Defendant As Well As The Subject Matter of this Case .......................................................................8**

**B. Plaintiff Has Complied With The Procedural Requirements For Entry Of Default Judgment Against Defendants. ..............................................................9**

**C. An Examination Of The *Eitel* Factors Favors The Entry Of Default ...............9**

**1. Plaintiff would suffer substantial prejudice absent a default ...........10**

**2. Default Judgment is warranted here because the well-pleaded allegations of Plaintiff's Complaint establish that Defendants violated the JFPA......................................................................10**

**3. The sum of money at stake is reasonable...........................................12**

**4. Defendants Saratoga and Pallone have failed to appear, as such, no dispute concerning material facts exists and the default was not the result of excusable neglect......................................................13**

**5. Defendants' refusal to appear or respond renders a decision on the merits effectively impossible ..............................................................13**

**V. CONCLUSION .....................................................................................................14**

**TABLE OF AUTHORITIES**

*AGCS Marine Ins. Co. v. Greenway Transp. Inc.*, No. 20-CV-06724-LB, 2021 WL 4440314 (N.D. Cal. Feb. 25, 2021)....................13

*Anthony California, Inc. v. Fire Power Co., Ltd.*, Case No. EDCV 15–876 JGB (SPx), 2015 WL 12866272 (C.D. Cal. Dec. 3, 2015)....................8

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299 (D.N.J. 2013)....11

*Craig Cunningham v. Technologic USA, Inc.*, No. 19-CV-00231-F, 2020 WL 10356245 (D. Wyo. June 17, 2020)....................13

*DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847 (9th Cir. 2007)....................9

*Ebert v. National Brokers of America, Inc.*, No. 2:17-cv-1983-KJM-EFB, 2018 WL 2440679, (E.D. Cal. May, 31, 2018)....................12

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)....................10

*Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005)....................10

*Geddes v. United Financial* Group, 559 F.2d 557 (9th Cir. 1977)....................9

*Georgopulous v. PPM Cap., Inc.*, No. 19-CV-00347-DDD-STV, 2019 WL 6065617 (D. Colo. Oct. 21, 2019)....................12

*In re Tuli*, 172 F.3d 707 (9th Cir. 1999)....................8

*Landstar Ranger, Inc. v. Parth Enters., Inc.* 725 F. Supp. 2d 916 (C.D. Cal. 2010)....................11

*Maryland v. Universal Elections*, 787 F. Supp. 2d 408 (D. Md. 2011)....................11

*Medici Textile, Inc. v. Mystique Apparel Group Inc.*, Case No. CV 18-8428 FMO (MAAx), 2019 WL 3099679 (C.D. Cal. Apr. 8, 2019)....................12

*Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316 (S.D. Cal. Nov. 6, 2017)....................11

*PepsiCo, Inc. v. Cal. Sec. Cans,* 283 F. Supp. 2d 1172 (C.D. Cal 2002)....................9, 11, 12, 14

*Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090 (N.D. Cal. 2015)....................9

*Sec. & Exch. Comm'n v. Valentine*, No. 20-CV-04358-LB, 2021 WL 14836 (N.D. Cal. Jan. 15, 2021) ........13

*Sepulveda v. Buelna*, No. 20-CV-05258-TSH, 2021 WL 3411197 (N.D. Cal. July 17, 2021) .....14

*United States v. Stephens*, No. 18-CV-04947-LB, 2019 WL 2180222 (N.D. Cal. Mar. 7, 2019) ........10, 11

*Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F. Supp. 2d 1316 (D. Wyo. 2011) ........11

*Ziegler v. Allied Com. Roofing, Inc.*, No. 13-CV-02638 FB JMA, 2014 WL 4437316 (E.D.N.Y. Sept. 9, 2014) ........13

*5960 Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM (PJWx), 2015 WL 12696201 (C.D. Cal. Oct. 15, 2015) ........10

**STATUTES, RULES, SECONDARY SOURCES**

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ........6, 11, 12

Fed. R. Civ. Proc. 55, *et seq.* ........9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case challenges Defendant Saratoga Diagnostics, Inc.'s ("Saratoga") and Thomas Pallone's ("Pallone," collectively with Saratoga, "Defendants") violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq*. ("JFPA" or "Act")—specifically, its prohibition against Defendants' practice of sending unsolicited fax advertisements. Plaintiff Louis Floyd ("Floyd" or "Plaintiff") filed his Complaint on March 1, 2020. The Court deemed service on Pallone sufficient on July 13, 2020 (dkt. 24), and Saratoga was served via the California Secretary of State on August 7, 2020 (dkt. 27). To date, Defendants have failed to appear, answer, or otherwise respond to the Complaint.

As a result of their refusal to appear in this litigation, this Court should enter default judgment against Saratoga and Pallone. The Complaint's well-pleaded allegations detail a willful violation of the JFPA. Furthermore, each of the *Eitel* factors—which the Ninth Circuit requires district courts to analyze prior to the entry of default judgment—argues in favor of default. First, absent a default judgment Plaintiff would suffer substantial prejudice because he would lack any practical remedy. Second, Plaintiff's well-pleaded allegations state a claim for a violation of the JFPA. Third, the sum of money at stake is reasonable given that Plaintiff seeks statutory damages. Fourth, no dispute of material facts exists because Defendants have failed to answer or otherwise respond. Fifth, Defendants have received ample notice of this lawsuit and their default was not the product of excusable neglect. Sixth, a decision on the merits, while favored, is simply not possible given Defendants' wholesale refusal to participate in the litigation.

In short, the Court should enter default judgment against Defendants Saratoga and Pallone and in favor of Plaintiff.

## II. LEGAL, FACTUAL, AND PROCEDURAL BACKGROUND

Defendant Saratoga is a corporation incorporated and existing under the laws of the State of California. (Compl. ¶ 2.) Defendant Pallone is the president of Defendant Saratoga. (*Id.* ¶ 27.)

To promote their services (CME Seminars), Defendants sent unsolicited facsimile advertisements *en masse*. (*Id.* ¶¶ 8, 9.) Defendants profited by, and received the benefits of, the marketing of their services by facsimile and they are responsible parties under the JFPA. (*Id.* ¶ 19.) Pallone had personal oversight and hands-on control over the day-to-day operations of Saratoga, including its sending of unsolicited Faxes. (*Id.* ¶ 28.) Pallone failed to implement policies and procedures to prevent the unlawful transmission of promotional faxes to individuals who did not consent to receiving them. (*Id.* ¶ 30.)

On March 12, 2019, Defendants transmitted a facsimile advertisement to Plaintiff Floyd. (*Id.* ¶ 18.) The Fax received, attached as Exhibit A to the Complaint, is part of Defendants' work or operations to market Defendants' services, namely its CME seminars. (*Id.* ¶ 21.) Plaintiff has never consented to receive fax advertisements from Defendants, and he has no prior relationship with Defendants. (*Id.* ¶ 23.)

On March 1, 2020, Plaintiff filed his Class Action Complaint challenging Defendants unlawful practices. (Dkt. 1.) On August 5, 2020, this Court granted Plaintiff's Renewed Motion for Order Regarding Alternative Service. (Dkt. 24.) In doing so, the Court deemed service on Pallone sufficient on July 13, 2020 (*id.*), which placed his deadline to respond to Plaintiff's Complaint on or before August 3, 2021. Plaintiff served Defendant Saratoga via the California Secretary of State on August 17, 2020 (dkt. 27), placing its deadline to respond to Plaintiff's Complaint on September 8, 2020.

On October 14, 2021, having received no response to the Complaint, the Clerk of Court entered default against Defendants. (Dkts. 29, 33.) On November 25, 2020, Plaintiff filed a motion for class certification based on the well-pleaded allegations of the Complaint. On May 26, 2021, the Court denied Plaintiff's motion for class certification without prejudice. (Dkt. 42.) At this time, the Court granted Plaintiff leave to conduct discovery related to class certification. (*Id.*)

Thereafter, Plaintiff issued a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to Onvoy, LLC, seeking to identify the

telephone service provider associated with Defendants' fax number. (*See* Declaration of Taylor T. Smith ("Smith Decl.") ¶ 8, attached hereto as Ex. A.) On June 28, 2021, Onvoy, LLC responded and identified J2 Cloud Services, LLC as the telephone service provider. (*Id.* ¶ 9.) Plaintiff then issued subpoenas directed to J2 Cloud Services, LLC and J2 Global, Inc. (hereafter "j2"), which sought Defendants' fax records for the relevant time period. (*Id.* ¶ 10.) j2 has since produced some responsive documents. (*Id.* ¶ 11.) Unfortunately, j2's document production did not include the fax transmission records to identify the proposed class. (*Id.*) Further, j2 has confirmed that it has no additional records in its possession. (*Id.*)

Based on these facts and as set forth below, the Court should enter default judgment in favor of Plaintiff Floyd and against Defendants.

## III. STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should enter default judgment in favor of Plaintiff and against Defendants.

## IV. ARGUMENT

The Court should enter default judgment in Plaintiff's favor based on the well-pleaded allegations. Plaintiff has complied with the procedural prerequisites for entry of default judgment and each of the *Eitel* factors weighs in Plaintiff's favor. As such, and as explained further below, default judgment is warranted here.

### A. The Court Has Jurisdiction Over Both The Defendant As Well As The Subject Matter of this Case.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Courts clearly possess personal jurisdiction over resident corporations that are either incorporated in the forum state or who maintain their principal place of business there. *See Anthony California, Inc. v. Fire Power Co., Ltd.*, Case No. EDCV 15–876 JGB (SPx), 2015 WL 12866272, at *3 (C.D. Cal. Dec. 3, 2015) (citation omitted) ("The "paradigm bases for general jurisdiction" for a corporation are its

place of incorporation and principal place of business."). Further, federal district courts possess subject matter jurisdiction over claims that arise under the JFPA pursuant to 28 U.S.C. § 1331. *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1092 (N.D. Cal. 2015) ("This Court also has federal question jurisdiction over the action, which was brought under the federal TCPA, 47 U.S.C. § 227 et seq., pursuant to 28 U.S.C. § 1331.").

Applied here, Saratoga is a California corporation with its principal place of business in Saratoga, California 95070. (Compl. ¶ 2.) Pallone is also a resident of Saratoga, California. (*Id.* ¶ 3.) Nothing more is needed to establish personal jurisdiction. Further, given that Plaintiff alleges violations of the JFPA, this Court properly possesses subject matter jurisdiction over the JFPA claims asserted against Defendants. Accordingly, the Court has jurisdiction over both the subject matter and the parties.

### B. Plaintiff Has Complied With The Procedural Requirements For Entry Of Default Judgment Against Defendants.

Prior to entering default judgment, Plaintiff must satisfy the procedural requirements imposed by Fed. R. Civ. P. 55. *See PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Fed. R. Civ. P. 55(a) requires that the Court Clerk properly enter default against the defendant. *See id.* at 1175; *see also* Fed. R. Civ. P. 55(a). Here, the Clerk of Court properly entered default against both Defendants on October 14, 2021. (Dkts. 29, 33.) Accordingly, the procedural perquisites to default judgment are satisfied.

### C. An Examination Of The *Eitel* Factors Favors The Entry Of Default.

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial* Group, 559 F.2d 557, 560 (9th Cir. 1977). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation omitted).

When exercising discretion as to the entry of default judgment, the Ninth Circuit requires the Court to analyze the following *Eitel* Factors: "(1) the possibility of prejudice to the plaintiff,

(2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As explained below, each of these factors weighs in favor of granting this motion for default judgment.

**1. Plaintiff would suffer substantial prejudice absent a default.**

The first *Eitel* factor examines whether Plaintiff would suffer prejudice absent entry of default judgment. *United States v. Stephens*, No. 18-CV-04947-LB, 2019 WL 2180222, at *3 (N.D. Cal. Mar. 7, 2019), *report and recommendation adopted*, No. 18-CV-04947-VC, 2019 WL 2180214 (N.D. Cal. Apr. 3, 2019). Courts typically find sufficient prejudice when plaintiffs are left with no other recourse against the defendant. *See id.* ("Absent a default judgment, the United States may be left without recourse."); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) ("Plaintiffs would suffer prejudice if the default judgment is not entered because Plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."); *see also 5960 Bonsall, LLC v. Lanix Exploration Inc.*, CASE NO. CV 15-03628 MMM (PJWx), 2015 WL 12696201, *5 (C.D. Cal. Oct. 15, 2015) ("Because defendants have not responded to plaintiff's complaint or properly appeared, plaintiffs may be left without recourse against defendants if default judgment were not entered in its favor.").

Here, absent an entry for default judgment, Plaintiff will face substantial prejudice. That is, Floyd would be left without any recourse for the damages that he has suffered, including invasion of privacy, loss of ink toner, and loss of use of his fax machine. In short, the prospect of prejudice against Plaintiff weighs heavily in favor of granting Plaintiff's motion for default judgment.

**2. Default Judgment is warranted here because the well-pleaded allegations of Plaintiff's Complaint establish that Defendants violated**

**the JFPA.**

The second and third *Eitel* factors "require that plaintiffs' allegations 'state a claim on which the [plaintiff] may recover.'" *United States*, 2019 WL 2180222, at *3. Put simply, these factors argue in favor of default when plaintiff has stated a claim for relief consistent with the Rule 8 pleading standards. *See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 920 (C.D. Cal. 2010); *see also PepsiCo, Inc.*, 238 F.Supp.2d at 1175. The JFPA generally makes it unlawful for any person to "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement..." 47 U.S.C. § 227(b)(1)(C), *et seq*. Hence, to prevail on a claim for a violation of the JFPA, "the plaintiff must specifically point to evidence in the record sufficient to establish that: (1) the defendant utilized a 'telephone facsimile machine' to send 'one or more faxes;' (2) that the transmissions constituted ''advertisements;'' and (3) that the defendant sent the transmissions without the recipient's consent, absent application of one of the statutory exceptions." *City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 323 (D.N.J. 2013).

Further, liability under the JFPA is not limited to just the entity that sent the faxes. Indeed, "[t]he TCPA imposes personal liability on companies' directors and officers who direct, authorize, or ratify violations of the TCPA." *Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *12 (S.D. Cal. Nov. 6, 2017); *see also Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F. Supp. 2d 1316, 1321 (D. Wyo. 2011) (citation omitted); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 (D. Md. 2011) (finding that officers can be personally liable when they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." (collecting cases)). Any other conclusion would allow individual defendants "to simply dissolve" the existing corporation, and "set up a new shell corporation, and repeat their conduct." *Versteeg*, 775 F. Supp. 2d at 1321 (quoting *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 898 (W.D. Tex. 2001)).

Here, Plaintiff sufficiently alleges that Defendants violated the JFPA by sending unsolicited fax advertisements.. That is, on March 12, 2019, Defendants transmitted an

unsolicited facsimile advertisement to Plaintiff. (Compl. ¶ 18; *see also* Ex. A to Compl.) Moreover, Plaintiff pleaded that he has no relationship with Defendants and has never conducted any business with Defendants. (*Id.* ¶ 23.) Additionally, Plaintiff alleges that Defendant Pallone (Saratoga's president) controlled the implementation of any and all policies and procedures relating to faxing. (*Id.* ¶¶ 29-30.) Plaintiff further alleged that Pallone drafted the fax at issue and was directly involved in its transmission to Plaintiff. (*Id.* ¶ 31.) Together, the allegations establish a cause of action against both Defendants for a violation of the JFPA.

**3. The sum of money at stake is reasonable.**

For the fourth *Eitel* factor, "the court must consider the amount of money at stake in the relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc.* 238 F.Supp.2d at 1176. Ordinarily, a "plaintiff seeking default judgment is 'required to prove all damages sought in the complaint.'" *Medici Textile, Inc. v. Mystique Apparel Group Inc.*, Case No. CV 18-8428 FMO (MAAx), 2019 WL 3099679, *3 (C.D. Cal. Apr. 8, 2019). However, where a plaintiff seeks "to recover statutory damages, actual damages need not be proven." *Id.* And the court "has wide discretion in determining the amount of statutory damages to be awarded[.]'" *Id.*

Under the JFPA, the Court may award statutory damages of $500 per violation. *See* 47 U.S.C. § 227(b)(3). However, when the defendant acted willfully or knowingly, the damages may be trebled. *Id.*; *Ebert v. National Brokers of America, Inc.*, No. 2:17-cv-1983-KJM-EFB, 2018 WL 2440679, *3 (E.D. Cal. May, 31, 2018) ("However, the court may, in its discretion, increase the award of damages up to three times the amount recoverable if it finds the defendant 'willfully or knowingly' violated the TCPA."). Courts routinely find that trebled damages for willful violations to be reasonable in connection with a default judgment. *See id.* (awarding $1,500 per call in default damages for TCPA violations); *Georgopulous v. PPM Cap., Inc.*, No. 19-CV-00347-DDD-STV, 2019 WL 6065617, at *11 (D. Colo. Oct. 21, 2019), *report and recommendation adopted*, No. 19-CV-00347-DDD-STV, 2019 WL 6053333 (D. Colo. Nov. 15, 2019) (awarding trebled damages in connection with a default judgment for willful violations of

the TCPA); *Craig Cunningham v. Technologic USA, Inc.*, No. 19-CV-00231-F, 2020 WL 10356245, at *7 (D. Wyo. June 17, 2020) (awarding default damages for willful violations of the TCPA); *Ziegler v. Allied Com. Roofing, Inc.*, No. 13-CV-02638 FB JMA, 2014 WL 4437316, at *3 (E.D.N.Y. Sept. 9, 2014) (trebling damages in connection with a default judgment for TCPA violations).

Here, Plaintiff seeks damages in the sum of $1,500 per violation plus costs. Plaintiff's well-pleaded allegations establish that Defendants willfully violated the JFPA by sending unsolicited fax advertisements. Further, Plaintiff has never provided any consent to receive the fax nor does he have any relationship with Defendants. Accordingly, the Court should award Plaintiff the maximum statutory damages under the JFPA, or $1,500, together with his costs.

**4. Defendants Saratoga and Pallone have failed to appear, as such, no dispute concerning material facts exists and the default was not the result of excusable neglect.**

"The fifth and sixth Eitel factors consider the potential of factual disputes and whether a defendant's failure to respond likely was due to excusable neglect." *AGCS Marine Ins. Co. v. Greenway Transp. Inc.*, No. 20-CV-06724-LB, 2021 WL 4440314, at *4 (N.D. Cal. Feb. 25, 2021), *report and recommendation adopted*, No. 20-CV-06724-WHO, 2021 WL 4440309 (N.D. Cal. Mar. 15, 2021) (citing *Eitel*, 782 F.2d at 1471–72.). When a defendant was properly served and refuses to appear, courts repeatedly find that no genuine dispute of material facts exists and that the default was not the result of excusable neglect. *Id.*; *Sec. & Exch. Comm'n v. Valentine*, No. 20-CV-04358-LB, 2021 WL 148361, at *3 (N.D. Cal. Jan. 15, 2021).

Here, both Defendants Saratoga and Pallone were properly served and refused to appear, answer, or otherwise respond. As such, Defendants' refusal to appear and challenge the allegations leaves no possibility of a genuine issue of material fact to consider. Further, because both Defendants received repeated notice of this lawsuit, Defendants failure to respond is not the product of excusable neglect. As such, the fifth and sixth *Eitel* factors argue in favor of default.

**5. Defendants' refusal to appear or respond renders a decision on the merits effectively impossible.**

Finally, the seventh *Eitel* factor requires the Court to consider the strong preference for deciding cases on the merits. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *Id.* (citation omitted). Moreover, courts repeated find that a defendant's refusal to appear "makes a decision on the merits impractical, if not impossible." *Id.*; *see also Sepulveda v. Buelna*, No. 20-CV-05258-TSH, 2021 WL 3411197, at *7 (N.D. Cal. July 17, 2021), *report and recommendation adopted*, No. 20-CV-05258-HSG, 2021 WL 3409294 (N.D. Cal. Aug. 4, 2021) ("Given that Defendants have made no effort to participate in the proceedings, a decision on the merits is impracticable.").

In this case, Defendants Saratoga and Pallone were timely served and failed to respond. Defendants' refusal to appear and respond renders a decision on the merits essentially impossible. Consequently, this factor also weighs in favor of default.

## V. CONCLUSION

Defendants Saratoga and Pallone had ample notice of this lawsuit and chose not to defend themselves against the well-pleaded allegations. Therefore, Plaintiff respectfully requests that the Court enter default judgment in his favor and award such additional relief as it deems necessary, reasonable, and just.

Respectfully submitted,

Dated: November 30, 2021

**LOUIS FLOYD**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Steven L. Weinstein (67975)
steveattorney@comcast.net
P.O. Box 27414
Oakland, CA 94602
Telephone: (510) 336-2181

Facsimile: (510) 336-2181

Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
Patrick H. Peluso (*admitted pro hac vice*)
ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on November 30, 2021.

*/s/ Taylor T. Smith*